# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEDWIN Q. DEL ROSARIO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUPERIOR COURT OF COUNTY OF LOS ANGELES, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:20-cv-0512-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>**FOURTEEN-DAY DEADLINE** |

　　　　Plaintiff Ledwin Q. Del Rosario ("Plaintiff") is a state prisoner appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint, filed on April 10, 2020, was screened and Plaintiff was granted leave to amend. (ECF No. 1.)  Plaintiff's first amended complaint, filed on November 16, 2020, is currently before the Court for screening. (ECF No. 11.)

　　　　**I.　　Screening Requirement and Standard**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Allegations in Complaint**

Plaintiff is currently housed in California Correctional Institution at Tehachapi, California ("Tehachapi")  The events in the complaint are alleged to have occurred while Plaintiff was housed at Tehachapi.  Plaintiff names the following defendants: (1) Jerry E. Powers, Chief Probation Officer, Superior Court of Los Angeles County, (2) Phach Ngo, defense counsel, (3) Catherine Mariano, Deputy District Attorney, (4) Hon Daviann L. Mitchell, Judge Superior Court of Los Angeles County, and (5) Mr. Cates (Warden), of Tehachapi.

Plaintiff alleges violations of access to the courts, due process, and cruel and unusual punishment.  All of Plaintiff's allegations center around his conviction and proceedings in which he plead guilty and was sentenced  He alleges his counsel threatened him and Plaintiff was scared.  He was convicted of being a three striker when he was not.  He alleges prosecutorial misconduct in the plea deal and charging Plaintiff with a serious violent crime.  Judge Mitchell knew the charges were not serious and allowed them to proceed. Plaintiff alleges that Warden Cates knows that there are many incarcerated inmates who are wrongfully convicted in prison.

Plaintiff complains that this "privacy information" has not be submitted to Plaintiff's central file.[1]

### III. Discussion

Plaintiff's complaint fails to state a cognizable claim for relief.

**A. Plaintiff Cannot Challenge the Duration of Confinement in a § 1983 Action**

Plaintiff appears to challenge his conviction. "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under ... 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; request for relief turning on the circumstances of confinement may be presented in a § 1983 action." Id. (internal citation omitted). Here, plaintiff's claim relates to the length of his confinement or proceedings in his underlying conviction. Accordingly, his sole federal remedy is by way of a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 574, 489 (1973) ("Release from custody is not an available remedy under the Civil Rights Act"); Young v. Kenny, 907 F.2d 874, 875 (9th Cir. 1989) ("Where prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus."). "[T]o the extent plaintiff challenges his credit calculation and overall length of confinement, such a claim fails in a § 1983 case as a matter of law, unless he was able to have the credit determination overturned through a habeas action first." Clinton v. Calif. Dep't of Corr., No. 05-cv-1600 LKK CMK P, 2013 WL 5718739 at *10 (E.D. Cal. Oct. 18, 2013), reversed in part on other grounds by Clinton v. Cooper, 781 Fed.Appx. 582 (9th Cir. 2019).

Further, to the extent Plaintiff if seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a

---

[1] It is unclear from the Exhibits attached to the complaint when Plaintiff was convicted. He has attached two documents entitle "Legal Status Summary," neither of which have Plaintiff's name on the forms. The attached Exhibit response to 602 appeal states the Plaintiff Del Rosario was convicted and sentence to 15 year to life for sexual abuse of a child and continuous sexual abuse of a child, which are considered to be violent offenses under California's Penal Code.

writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.  Despite being provided relevant pleading and legal standards, Plaintiff has been unable to cure this deficiency.  Leave to amend is not warranted.

### B. Supervisory Liability

Plaintiff names Warden Cates in his role as Warden.

In general, Plaintiff may not hold a defendant liable solely based upon their supervisory positions. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Plaintiff may also allege the supervisor "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.' " Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted).  Despite being provided relevant pleading and legal standards, Plaintiff has been unable to cure this deficiency.  Leave to amend is not warranted.

### C.    Judicial Immunity

Plaintiff is attempting to bring suit against Los Angeles County Superior Court Judge Mitchell based on judicial rulings in Plaintiff's criminal case. However, absolute immunity is generally accorded to judges functioning in their official capacities. See Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir.2004). "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553–54 (1967). Judicial immunity "is an immunity from suit, not just from the ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991); see also Stump v. Sparkman, 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in

1  excess of his authority."). Accordingly, Los Angeles County Superior Court Judge Mitchell is
2  immune from liability arising from her judicial rulings. Plaintiff cannot cure this deficiency.

3  **D. Appointed Attorney**

4  Insofar as Plaintiff is attempting to bring a claim under Section 1983 against the attorney
5  assigned to represent him, Defendant Ngo, he may not do so. To state a claim under Section 1983,
6  Plaintiff must allege a deprivation of a right secured by the Constitution and laws of the United
7  States "by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988)
8  (citations omitted). Attorneys do not act under color of state law when they perform "a lawyer's
9  traditional functions as counsel to a defendant in a criminal proceeding." Polk Cty. v. Dodson,
10 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when
11 performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.");
12 Szijarto v. Legeman, 466 F.2d 864 (9th Cir. 1972) (Attorney, whether retained or appointed, does
13 not act "under color of state law" pursuant to § 1983). Accordingly, Plaintiff cannot state a
14 cognizable Section 1983 claim against Defendant Ngo, defense counsel representing Plaintiff in a
15 criminal proceeding.  Plaintiff cannot cure this deficiency.

16 **E. Criminal Charges and Prosecutorial Immunity**

17 Plaintiff appears to allege that deputy district attorney Mariano is liable for criminally
18 prosecuting Plaintiff.

19 Plaintiff's claims against Defendant Mariano are for actions done in connection with the
20 criminal prosecution of Plaintiff and, therefore, Defendant Mariano, and any other prosecutor, is
21 entitled to absolute prosecutorial immunity. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976) (A
22 prosecutor is entitled to absolute immunity from a Section 1983 action for damages when he or
23 she performs a function that is "intimately associated with the judicial phase of the criminal
24 process."); Forte v. Merced Cty., No. 1:15-CV-0147 KJM-BAM, 2016 WL 159217, at *12–13
25 (E.D. Cal. Jan. 13, 2016) ("prosecutorial immunity protects eligible government officials when
26 they are acting pursuant to their official role as advocate for the state"), report and
27 recommendation adopted, No. 1:15-CV-0147-KJM-BAM, 2016 WL 739798 (E.D. Cal. Feb. 25,
28 2016).

### IV.     Conclusion and Order

Plaintiff's first amended complaint fails to state a cognizable Section 1983 claim for relief. Despite being provided with relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint by amendment, and thus further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed based on Plaintiff's failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 18, 2020**             /s/ Barbara A. McAuliffe            
                                                    UNITED STATES MAGISTRATE JUDGE